IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31355-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KATHY ANN HENDRICKSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Kathy Ann Hendrickson appeals from an order denying her request for a new trial on the basis of newly discovered evidence. We conclude that the trial court did not abuse its discretion in denying the motion.

## FACTS

The substantive facts of this case are discussed at some length in our recent opinion in Ms. Hendrickson's direct appeal, *State v. Hendrickson*, No. 30437-0-III (Wash. Ct. App. Oct. 1, 2013). As relevant here, Ms. Hendrickson was charged with various offenses including three relating to her former boyfriend, G.R. The jury determined that Ms. Hendrickson did commit cyberstalking and identity theft with G.R. as the victim. The jury acquitted Ms. Hendrickson of stalking G.R.

Evidence was introduced at trial from document examiner Ronald Emmons of the Oregon State Crime Laboratory. He testified that Ms. Hendrickson had been responsible for forging credit card applications in G.R.'s name. He issued his opinion without reviewing any handwriting exemplars from G.R. An examiner for the Washington State Crime Laboratory had been unable to reach a definitive opinion.

After trial, Mr. Emmons was investigated for failing to follow established quality assurance procedures. An external review concluded, inter alia, that Mr. Emmons's findings in Ms. Hendrickson's case were not adequately supported and "were not accurate within the generally accepted practices of the Forensic Document Profession." Clerk's Papers (CP) at 45.

The prosecutor advised defense counsel of the Oregon findings. Defense counsel filed a motion for a new trial on the identity theft count due to the evaluation of Mr. Emmons's work in this case. The trial court denied the motion without hearing argument, reasoning that the testimony from Mr. Emmons addressed only the stalking conviction and that even if it had applied to the identity theft, the error was harmless in light of the overwhelming additional evidence on that count.

Ms. Hendrickson appealed to this court. Although it was too late to consolidate the matters, this court considered the second appeal in an expedited manner in order to release both opinions close in time.

ANALYSIS

The sole issue in this appeal is whether the trial court abused its discretion in denying the motion for the new trial. We agree with the trial court's assessment of the strength of the remaining evidence on the identity theft count after Mr. Emmons's opinion was excluded. That was a tenable basis for rejecting the motion.

A trial court's decision to grant a new trial is reviewed for abuse of discretion. *State v. Marks*, 71 Wn.2d 295, 302, 427 P.2d 1008 (1967). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). "The question is not whether this court would have decided otherwise in the first instance, but whether the trial judge was justified in reaching his conclusion." *State v. Taylor*, 60 Wn.2d 32, 42, 371 P.2d 617 (1962).

To grant a new trial for "newly discovered evidence" under CrR 7.5, a trial court must apply a five-factor test.

> A new trial will not be granted on that ground unless the moving party demonstrates that the evidence (1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching.

*State v. Williams*, 96 Wn.2d 215, 222-23, 634 P.2d 868 (1981). "The absence of any one of the five factors is grounds for the denial of a new trial." *Id.* at 223.

No. 31355-7-III
*State v. Hendrickson*

The State first argues that the forgery evidence went to the stalking count on which the jury acquitted Ms. Hendrickson rather than to the identity theft conviction. We disagree. Although the prosecutor did argue to the jury that the identity theft was grounded in the purchase of merchandise through the Fingerhut account rather than the fraudulent credit card applications, the elements instruction permitted jurors to consider credit applications as one means of committing identity theft.[1] Thus, while the prosecutor might not have intended the evidence to address the identity theft conviction, the jury may still have considered the evidence for that purpose. Accordingly, we do not believe the acquittal on the stalking charge rendered Ms. Hendrickson's argument moot.

However, we do agree with the trial court that Ms. Hendrickson did not establish the first *Williams* factor. In light of the substantial evidence of identity theft, the exclusion of Mr. Emmons's opinion would not have changed the verdict.

The jury was required to find that Ms. Hendrickson, using G.R.'s identity, obtained $1,500 of merchandise or credit.[2] The prosecutor argued Ms. Hendrickson's use of the Fingerhut account to obtain merchandize supported a guilty finding on the identity theft count. G.R.'s accounts and credit card information repeatedly were accessed by Ms. Hendrickson on a computer at a college G.R. had never visited located in a city far from his residence. Similar information was found in her home and on Ms. Hendrickson's

---

[1] *See Hendrickson*, No. 30437-0-III, CP at 79 (Instruction 41).
[2] *See Hendrickson*, No. 30437-0-III, CP at 79 (Instruction 41).

4

daughter's computer, another device that Ms. Hendrickson regularly used. Overlapping evidence from the cyberstalking charge showed that Ms. Hendrickson regularly assumed G.R.'s identity to establish fake accounts on adult websites. In sum, there was significant evidence that Ms. Hendrickson, and only Ms. Hendrickson, adopted G.R.'s identity online for many nefarious purposes. The evidence that Mr. Emmons believed she had also forged credit card applications was a small part of the case against Ms. Hendrickson.

The motion for a new trial foundered on the first *Williams* factor. The trial court had a tenable basis for rejecting the motion. There was no abuse of discretion.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Brown, J.

_____
Siddoway, J.

5